IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM PASSARELLA,              :
                                 :
            Plaintiff,           :   CIVIL ACTION NO. 17-4349
                                 :
     v.                          :
                                 :
CITIZEN'S BANK,                  :
                                 :
            Defendant.           :

## MEMORANDUM OPINION

Smith, J.                                                          March 12, 2018

The *pro se* plaintiff is proceeding *in forma pauperis* and has attempted to sue his bank after it allegedly allowed another individual to withdraw a total of $1,600 from his account even though this other individual was unauthorized to make such withdrawals. The court reviewed the original complaint under 28 U.S.C. § 1915 and determined that (1) to the extent that the plaintiff attempted to raise claims under 42 U.S.C. § 1983, he had not alleged state action or pleaded a violation of his constitutional rights or a violation of a federal statute, and (2) there was no basis for subject-matter jurisdiction over any state law claims under 28 U.S.C. § 1332 because the plaintiff failed to sufficiently allege the parties' citizenship and the amount in controversy did not exceed $75,000. As such, the court dismissed the complaint without prejudice to the plaintiff to file an amended complaint that would set forth sufficient allegations to establish this court's subject-matter jurisdiction over the matter.

The plaintiff filed an amended complaint, but it unfortunately does not address any of the issues identified with the original complaint. The plaintiff has also requested that the court appoint counsel on his behalf.

Because the plaintiff has failed to remedy the jurisdictional defects identified with the original complaint, the court must also dismiss the amended complaint without prejudice for lack of subject-matter jurisdiction. The court will not provide the plaintiff with another opportunity to amend the complaint because doing so at this point would be futile. In addition, the court will deny the request for the appointment of counsel.

## I. ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, William Passarella ("Passarella"), originally commenced this action by filing an application to proceed *in forma pauperis* ("IFP Application") and a proposed complaint against the defendant, Citizen's Bank (the "Bank"), which the clerk of court docketed on September 28, 2017.[1] Doc. No. 1. This matter was originally assigned to the Honorable Timothy J. Savage. On October 5, 2017, Judge Savage entered an order denying the IFP Application without prejudice because Passarella failed to file a certified copy of his prisoner account statement for the six-month period prior to filing the action. *See* Order, Doc. No. 3. Chief Judge Lawrence F. Stengel reassigned this case from Judge Savage to the undersigned on October 16, 2017. *See* Order, Doc. No. 4. On the same date, Passarella filed his prisoner account statement with the clerk of court. Doc. No. 5. Passarella filed a request for the appointment of counsel on November 24, 2017, and a notice that his address changed to the State Correctional Institution at Mahanoy on December 29, 2017. Doc. Nos. 6, 7.

This court reviewed the IFP Application with the prisoner account statement as required by 28 U.S.C. § 1915, and entered an order on February 16, 2018, which, *inter alia*, (1) granted

---

[1] In the original complaint, Passarella alleged that he opened an account in January 2017 with the Bank. Compl. at 3. In February 2017, a family member removed $1,600 from the account without Passarella's consent. *Id.* Passarella contacted the Bank's fraud department in February 2017, and although a Bank employee informed him that she would investigate the incident, she never did so. *Id.* at 4, 5. Passarella also appears to have contacted the "chairman" at the Bank's fraud department in July 2017, and this individual investigated the incident.
    Passarella would like to have the factfinder fire the teller that gave away his $1,600. *Id.* at 5, 6. He also purports to seek $150,000 in damages because he trusted the Bank and it gave away his money without his consent. *Id.*

the IFP Application, and (2) dismissed the complaint without prejudice. *See* Order, Doc. No. 8. Regarding the dismissal, the court pointed out that despite using a form complaint for actions under 42 U.S.C. § 1983, Passarella failed to include any allegations that would plausibly state a cause of action under section 1983. *Id.* at 3-5, n. 4. The court also informed Passarella that it appeared that the court lacked subject-matter jurisdiction to the extent that he was asserting any state law claims. *Id.* In particular, the court noted that (1) the allegations did not establish that the parties were completely diverse, and (2) there were no good faith allegations warranting a damages award of $75,000 (much less $150,000 as asserted in the complaint). *Id.* The court gave Passarella leave until March 19, 2018, to file an amended complaint. *Id.* at 3.

Passarella filed an amended complaint that the clerk of court docketed on February 26, 2018. Doc. No. 10. In the amended complaint, Passarella alleges that he was incarcerated on January 28, 2017. Am. Compl. at 1. On February 2, 2017, he contacted the Bank and was told that $1,000 was removed from his account. *Id.* He also spoke with Eboni Wilson ("Wilson"), an employee in the Bank's fraud department, who told him that she would investigate the incident and place a hold on his account. *Id.*

Passarella again spoke to Wilson on February 7, 2017. *Id.* Wilson told Passarella that the investigation was not resolved and an additional $600 was removed from his account. *Id.* Wilson informed Passarella that he needed to come in person to the Bank to discuss his account. *Id.* Passarella informed Wilson that he was incarcerated, and it appears that she placed a hold on the account.[2] *Id.*

Apparently, Passarella was released from prison and went in person to speak to the Bank's manager on July 28, 2017. *Id.* The manager informed Passarella that the Bank was still

---

[2] The allegations are unclear as to what happened here. It is possible that Passarella asked Wilson to shut down his account, but she refused to do so unless he showed up in person.

investigating the issues with his account so there was nothing that the manager could do. *Id.* Passarella then asked to speak to "somebody higher," and he was referred to the "chairman office" and spoke with someone named Melissa. *Id.* at 1-2. Melissa told him that the Bank had not conducted any investigation between February 2, 2017, and February 7, 2017. *Id.* at 2. The chairman told him that she would investigate the issue and contact him by phone. *Id.*

In early August 2017, Passarella went to another Bank location in Philadelphia. *Id.* It appears that he got something notarized there. *Id.* It also appears that he returned to the other Bank location and an affidavit was possibly faxed to the fraud department.[3] *Id.* Passarella was incarcerated again on August 28, 2017. *Id.*

## II. DISCUSSION

Because the court has granted the plaintiff leave to proceed *in forma pauperis*, the court must review the amended complaint to examine whether the amended complaint is frivolous, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . **(B)** the action or appeal-- **(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief."). In addition, the court has the authority to examine the court's subject-matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

---

[3] This portion of the amended complaint is also unclear.

Here, the amended complaint fails to cure the defects identified in the original complaint. As a plaintiff commencing an action in federal court, Passarella bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). Similar to the original complaint, Passarella has not articulated any basis in the amended complaint for a federal claim for purposes of invoking the court's federal question jurisdiction under 28 U.S.C. § 1331. Passarella has also failed to establish a basis for diversity jurisdiction over any potential state law claims under 28 U.S.C. § 1332. The court has already provided Passarella with an opportunity to fix these issues and establish a basis for this court's exercise of subject-matter jurisdiction over this action, and he has failed to address the issues identified with the original complaint. The court recognizes that "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile." *Grayson Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Even though this is not a Rule 12(b)(6) dismissal because it appears that the court lacks subject-matter jurisdiction over this action, the court finds that providing Passarella with another opportunity to amend his complaint would be futile.[4] Passarella is still free to file an action in state court.

The court recognizes that Passarella has requested the court to appoint counsel on his behalf. Civil litigants do not have a constitutional right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants." (citation omitted)). Nonetheless, pursuant to 28 U.S.C. § 1915(e)(1), "[a] court may request an attorney to represent any person unable to employ counsel." *Id.* at 457 (quoting *Tabron v. Grace*, 6 F.3d 147, 153 (3d

---

[4] The court incorporates the reasons stated in the February 16, 2018 order into this opinion. *See* Order at 3, n. 5.

Cir. 1993)). However, the Third Circuit has directed district courts to "exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id*. (citation omitted). Therefore, a court should appoint counsel only when cases "have some merit in fact and law." *Id.* (citation omitted). If the plaintiff's claim has merit, then the Third Circuit has suggested that the following factors serve as a guidepost to courts in determining whether to employ counsel:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id*. (citation omitted).

Here, Passarella potentially has a state law cause of action against the Bank if it allowed an unauthorized individual to access and withdraw money from his account. Nonetheless, an analysis of the six factors do not warrant appointing counsel in this case. There is no indication that Passarella lacks the ability to present this case; the particular legal issue (whether the Bank allowed an unauthorized individual to withdraw money from Passarella's account) is not particularly complex; it does not appear that a significant factual investigation will be necessary; it does not appear that the case will turn on credibility determinations; and it does not appear that the case will require expert testimony. Although it appears that Passarella cannot afford counsel on his behalf, the other factors weigh heavily in favor of the court not appointing counsel. Moreover, while counsel could potentially assist Passarella with discerning the parties' citizenship in this matter, there is still the fundamental hurdle of establishing a good faith basis

for damages exceeding $75,000 when only $1,600 was taken from his account. Accordingly, the court denies Passarella's request for the appointment of counsel.

### III.  CONCLUSION

For the foregoing reasons, the court will dismiss the amended complaint without prejudice for lack of subject-matter jurisdiction. The court will also deny Passarella's request for the appointment of counsel. Passarella may still refile his claims against the Bank in state court.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.